# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
### COURT FILE NO.: CV - _____

| | |
|---|---|
| Robert Feinsilber<br><br>            Plaintiff,<br><br>v.<br><br>GC Services Limited Partnership, and<br>Mr. Salmoyega<br><br>           Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et. seq. (FCEUA), and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et. seq., as well as other state law tort claims.

3.   Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here in Pennsylvania.

## PARTIES

4.   Plaintiff Robert Feinsilber is a natural person who resides in the Borough of Nesquehoning, County of Carbon, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.   Defendant GC Services Limited Partnership (hereinafter "Defendant" or "GC"), is upon information or belief is a business entity with an address of 6330 Gulfton, Houston, Texas 77081.

6.   At all times relevant to this Complaint, Defendant GC transacted business in the Middle District of Pennsylvania and at other locations throughout the United States, operating as a collection agency and as a "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

7.   Defendant Mr. Salmoyego (hereinafter "Salmoyego") is a natural person employed by Defendant GC as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.   Plaintiff Robert Feinsilber allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a

"debt" as that term is defined by 15 U.S.C § 1692a(5), namely, a credit card debt with Citibank.

9.    Plaintiff allegedly became delinquent on said account and unable to make his monthly payments due to circumstances beyond his control.

10.   Plaintiff's account was assigned, sold or otherwise transferred to Defendant GC for collection.

11.   In or around the early part of 2008 GC by and through its employees began attempting to collect the alleged debt contacting Feinsilber by telephone.

12.   On or about February 23, 2008, Defendants placed a call to Feinsilber's cellular telephone.  During the call, Defendant GC by and through its agent/employee Maureen Evans (hereinafter referred to as "Evans") demanded payment of the alleged Citibank debt.  Defendant Evans then advised Feinsilber that she had left a message at Feinsilber's home with his mother.  Feinsilber then advised Evans that he does not live with his mother.  Upon information or belief Defendants disclosed information concerning personal financial information about Feinsilber to a third party without Feinsilber's permission and in violation of multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2), 1692c(b), 1692d, 1692e, 1692e(10), 1692e(11) and 1692f amongst others.

13. Feinsilber advised Evans that he had previously attempted to resolve the alleged debt with Citibank but that they refused his offers.

14. During the February 23, 2008 call a second agent/employee of GC identifying himself Salmoyego joined into the call. When asked to spell his name, Salmoyega told Feinsilber "you're a smart guy sound it out." Salmoyego then advised Feinsilber, "Citibank is mad and they want their money, we're gonna litigate against you and garnish your wages. You don't want that. Its out of Citibanks' hands, its beyond collections. I can settle with you for $12,000.00." Feinsilber then responded advising Salmoyego that he could not come up with $12,000.00. Salmoyego then responded, "can't you get the money from a parent or get a credit card? You don't want to get sued do you?" Defendants' conduct violated multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(3), 1692e(4), 1692e(5), 1692e(10), 1692e(11) and 1692f amongst others.

15. As a direct and proximate result of Defendants' illegal collection tactics and harassing and oppressive behavior Plaintiff has sustained actual damages in the form of extreme stress, fear, and anxiety.

## TRIAL BY JURY

16.   Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 et seq.

17.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.   The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

19.   As a result of each and every Defendant's violations of the FDCPA, Plaintiff havs suffered out-of-pocket expenses and actual damages, and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT

## (FCEUA)

### 73 P.S. § 2270.1 et. seq.

## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND

## CONSUMER PROTECTION LAW (UTPCPL)

### 73 P.S. § 201-1 et. seq.

20.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.   Defendants are "debt collectors" as defined by 73 P.S. § 2270.3 of the FCUEA.

22.   Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3 of the FCUEA.

23.   All of the above contacts by Defendants were "communications" relating to a debt as defined by 73 P.S. §§ 2270.3 of the FCUEA.

24.   The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

  (a) Disclosing the alleged debt to a third party without the consumers authorization or consent;

(b) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(c) Making false and deceptive statements regarding character of the alleged debt;

(d) Falsely representing oneself as an attorney;

(e) Falsely and deceptively threatening legal suit;

(f) Falsely and deceptively threatening attachment, seizure or garnishment;

(g) Falsely and deceptively stating that consumer committed a crime; and

(h) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt.

25.   Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law with the purpose of coercing Plaintiffs to pay the debt.

26.   As a result of the of the above violations of the FCUEA and UTPCPL, Plaintiff has suffered ascertainable losses entitling her to an award of statutory, actual and treble damages and attorney's fees and costs.

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

27.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.   Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

29.   Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

30.   Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and or private concerns or affairs.

31.   The intrusion by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

32.   As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

- For an order declaring that the Defendants' actions as described above are in violation of the FDCPA;

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT

### (FCEUA)

### 73 P.S. § 2270.1 et. seq.

## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND

## CONSUMER PROTECTION LAW (UTPCPL)

### 73 P.S. § 201-1 et. seq.

- for an order declaring that the Defendants' actions as described above are in violation of the FCEUA and the UTPCPL;

- for an order be entered enjoining the defendants from continuing to communicate with Plaintiffs' in violation of the FCEUA and the UTPCPL;

- for an award of actual damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of statutory damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of treble damages pursuant 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to73 P.S.§ 201-9.2(a)

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA, FCUEA and UTPCPL violations and invasions of privacy in an amount to be determined at trial;

- punitive damages from each and every Defendant for the malicious, intentional, willful, reckless, wanton and negligent violations of the

FDCPA, FCUEA and UTPCPL and invasions of privacy in an amount

to be determined at trial;

- for such other and further relief as may be just and proper.


Respectfully submitted,
**RAPA LAW OFFICE, P.C.**

Dated: March 24, 2008


By:  ____s/Jason M. Rapa_____
Jason M. Rapa, Esquire
PA Attorney I.D. No. 89419
141 S. 1st Street
Lehighton, PA 18235
Telephone (610) 377-7730
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Robert Feinsilber, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. I have provided my attorneys with true and correct copies of each and every exhibit which has been attached to this Complaint.
7. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.


_____
Robert Feinsilber